IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-30,077-03






EX PARTE MARK ROBERTSON








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. F-8985961-L IN CRIMINAL DISTRICT COURT NO. 5


DALLAS COUNTY






 Per curiam.



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted in 1991 of capital murder. Tex. Penal Code Ann. §
19.03(a)(2). Based on the jury's answers to the special issues, the trial court sentenced him
to death. Art. 37.071(b). (1) This Court affirmed applicant's conviction and sentence on direct
appeal. Robertson v. State, 871 S.W.2d 701 (Tex. Crim. App. 1993). This Court denied
relief on his first Article 11.071 application for a writ of habeas corpus. Ex parte Robertson,
No. WR-30,077-01 (Tex. Crim. App. Nov. 18, 1998) (not designated for publication). 
Applicant later filed a subsequent application for a writ of habeas corpus which included a
previously unavailable Penry claim. We vacated his death sentence and remanded the case
to the trial court for a new punishment hearing. Ex parte Robertson, No. AP-74,720 (Tex.
Crim. App. Mar. 12, 2008) (not designated for publication). In July of 2009, based on the
jury's answers to the special issues set forth in the Texas Code of Criminal Procedure, Article
37.0711, sections 3(a) and 3(b), the trial court again sentenced applicant to death. Art.
37.0711, § 3(g). We affirmed applicant's sentence on direct appeal. Robertson v. State, No.
AP-71,224, 2011 Tex. Crim. App. Unpub. LEXIS 154 (Tex. Crim. App. Mar. 9, 2011) (not
designated for publication), cert. denied, 132 S.Ct. 844.

 Applicant presented a single allegation in his application in which he challenges the
validity of his sentence. After holding a live evidentiary hearing, the trial court entered
findings of fact and conclusions of law and recommended that relief be denied.

 This Court has reviewed the record with respect to the allegation made by applicant. 
We agree with the trial judge's recommendation and adopt the trial judge's findings and
conclusions, except for paragraphs 1, 2, and 3, which indicate that the allegation is
procedurally barred. Based upon the trial court's findings and conclusions and our own
review of the record, relief is denied.

 IT IS SO ORDERED THIS THE 9TH DAY OF JANUARY, 2013..


Publish/Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.